IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LUIS G. CONTRERAS-BUSTILLOS, Plaintiff, vs. COUNTY OF YELLOWSTONE, ET AL., Defendants. | CV-23-107-BLG-SPW-KLD ORDER |

Plaintiff Luis G. Contreras-Bustillos filed a Complaint alleging violations of his constitutional rights at Yellowstone County Detention Facility ("YCDF"). (Doc. 2.) The Court screened Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915, and determined that it failed to state a federal claim for relief. (Doc. 8.) Contreras-Bustillos filed an Amended Complaint. (Doc. 9.) It, too, fails to state a claim and will be dismissed.

## I. SCREENING STANDARD

Contreras-Bustillos is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or

1

seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. If the factual allegations accepted as true "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed. R. Civ. P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

2

formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. CONTRERAS-BUSTILLOS' AMENDED COMPLAINT

Contreras-Bustillos' Amended Complaint is pared down from his original. He names only Yellowstone County and Correctional Officer Aiello as defendants. (Am. Cmplt., Doc. 9 at 2.) Plaintiff Contreras-Bustillos' allegations concern his treatment in YCDF by Defendant Aiello. On July 13, 2023, Plaintiff was shoved into his cell by Defendant Aiello. (Doc. 9 at 5.) He claims his neck was injured. *Id.*

Contreras-Bustillos seeks $10,000,000 in punitive damages. (Doc. 9 at 5.)

Contreras-Bustillos pared down his claims from his original Complaint. However, he still fails to state a claim for an excessive force claim under the Fourteenth Amendment. *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (discussing the different constitutional standards that apply to convicted inmates as opposed to pretrial detainees) (*citing Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding due process requires that a pretrial detainee may not be punished prior to a lawful conviction)).

As explained in the Court's prior Order, to state a plausible claim under the Fourteenth Amendment, a pretrial detainee must allege facts showing that:

3

> (i) the defendant made an intentional decision with respect to the conditions under which [he] was confined; (ii) those conditions put [him] at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused [his] injuries.

*Gordon*, 888 F.3d at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn [ ] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The "'mere lack of due care by a state official' does not 'deprive an individual of life, liberty, or property under the Fourteenth Amendment.'" *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). A pretrial detainee plaintiff must "prove more than negligence but less than subjective intent something akin to reckless disregard." *Id.*; *Gordon*, 888 F.3d at 1125.

As in his original Complaint, the entirety of Contreras-Bustillos' force allegation is that he was shoved into his cell by Aiello. (Doc. 9 at 5.) This allegation fails to state a claim for excessive force. "An inmate who complains of a " 'push or shove' " that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). Contreras-

4

Bustillos states that he suffered from a pre-existing neck injury that was aggravated by the shove. (Doc. 9 at 5.) He does not allege that Aiello knew he had a neck injury and deliberately exacerbated it. He also alleges no specific facts regarding his supposed injury. A shove without any additional facts is not objectively excessive. Contreras-Bustillos fails to state a claim for a constitutional violation.

### III. CONCLUSION

Despite filing two Complaints, and with the Court's analysis of the weakness of his original Complaint, Contreras-Bustillos fails to state a claim. His Complaint will be dismissed.

Accordingly, the Court issues the following:

### ORDER

1. Contreras-Bustillos' Amended Complaint is DISMISSED.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

3. The Clerk of Court is directed to remark in the docket that this dismissal counts as a strike against Contreras-Bustillos within the meaning of 28 U.S.C. § 1915.

DATED this 12th day of January, 2024.

Susan P. Watters
United States District Court Judge