IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LUIS G. CONTRERAS-BUSTILLOS, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF YELLOWSTONE, ET AL., <br><br> Defendants. | CV-23-107-BLG-SPW-KLD <br><br> ORDER |

Plaintiff Luis G. Contreras-Bustillos has twice moved for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(1). (Docs. 12 and 13.) Plaintiff asks to be allowed to amend his Complaint for a second time, and for the Court to change its analytic framework. (*Id.* at 2.)

Rule 60(b)(1) allows relief from judgment for several reasons, including mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). ""[M]istake" in Rule 60(b)(1) includes legal errors made by judges." *Kemp v. United States*, 596 U.S. 528, 535 (2022). Contreras-Bustillos alleges such an error because the Court considered his claim under the standards for excessive force and not as a due process claim. (Doc. 12 at 1.) Plaintiff cites *Meredith v. Arizona*, 523 F.2d 481 (9th Cir.1975), in support of his claim that Defendant's "assault" constitutes an independent federal constitutional cause of action. He is incorrect.

1

The *Meredith* analysis has been cabined by the Ninth Circuit and does not govern Plaintiff's case. Instead, an assault claim on pretrial detainee is generally considered as a Fourth Amendment violation. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1408, n. 10 (9th Cir. 1989), *overruled on other grounds by Armendariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996). The Court's analysis is not a mistake warranting a reopening of this matter.

Plaintiff's second motion focuses on assault and battery as an independent cause of action. (Doc. 13.) This Court's jurisdiction is limited. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It may, at its discretion, exercise its supplemental jurisdiction over state common law torts, such as Plaintiff asserts here. (Doc. 13 at 2.) Because the Court determined that Plaintiff did not state a federal claim, it declines to exercise its supplemental jurisdiction. 28 U.S.C. § 1367.

Accordingly, the Court issues the following:

### ORDER

Contreras-Bustillos' Rule 60 Motions are DENIED. (Docs. 12 and 13.)

DATED this 22nd day of March, 2024.

*Susan P. Watters*
Susan P. Watters
United States District Court Judge